```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

| | |
|---|---|
| Hartford Fire Insurance Company, as subrogee of National Life Holding Company, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:20-cv-130 ) |
| Light Corp., Inc., Herman Miller, Inc., OEU, Inc., and Security Services of Connecticut, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |
| Continental Casualty Company, as subrogee of the State of Vermont, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:20-cv-172 ) |
| Light Corp., Inc., Herman Miller, Inc., OEU, Inc., and Security Services of Connecticut, Inc., | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs Hartford Fire Insurance Company ("Hartford") and Continental Casualty Company ("Continental") claim Defendants are liable for a 2018 fire at an office building in Montpelier, Vermont. The pleadings allege the fire originated at a light fixture assembly. Five years before the fire, Defendant OEU,

Inc. ("OEU") installed cubicles as part of the building's renovation. OEU submits that it had no role in any electrical work performed during the renovation project aside from attaching pre-assembled light fixtures to the cubicles and plugging them into standard outlets. OEU further contends that Plaintiffs have offered no evidence to support their claims of products liability, negligence, or breach of the warranty of workmanlike service. OEU therefore moves for summary judgment on all claims brought against it.

OEU's motions for summary judgment are unopposed and, for reasons set forth below, are granted.

## Factual Background

The following facts are undisputed and are supported by citations to the record. National Life Holding Company ("National Life") owns a building located at 1 National Life Drive, Montpelier, Vermont. The property was damaged by a fire on June 2, 2018. Hartford was National Life's insurer at the time of the fire. The State of Vermont was a tenant at the property. Continental provided insurance to the State of Vermont.

Five years before the fire, OEU was hired by Creative Office Pavilion, Inc. to install cubicle workstations at the National Life building as part of a renovation project. OEU performed the installation services between April 16, 2013 and

April 23, 2013.  OEU is now being sued for the work performed during that installation.  Other Defendants include Herman Miller, Inc. and Light Corp., Inc., whom Plaintiffs allege are liable as the designers, manufacturers, and sellers of light assemblies installed by OEU.  Plaintiffs have also sued SSC d/b/a Security Services of Connecticut, Inc., which allegedly provided security services to the National Life property.

Plaintiffs claim that the fire originated in or around a light assembly fixture.  Hartford brings two causes of action against OEU, one for products liability and the other for negligence.  Continental asserts those same two causes of action, and adds a claim for breach of the warranty of workmanlike service.  Both Plaintiffs concede that OEU was a servicer, and was not a designer, manufacturer, or seller of any product.

At summary judgment, OEU submits that Plaintiffs have failed to offer any facts to support their claims against it. More specifically, OEU contends that even assuming the fire originated at a light fixture, Plaintiffs are unable to prove that OEU was responsible for the fire.  In responding to requests for admissions regarding the allegation of faulty installation, Plaintiffs each stated:

> the installer of this product is in the stream of distribution and can be held accountable by a finder of fact if it is determined that OEU knew or should

>   have known of the dangerous condition posed by the
>   light fixture contained in the modular cubicle and
>   failed to warn [Plaintiffs'] insureds of these risks
>   and dangers.

Plaintiffs further admit, however, that they have no evidence to support a claim that OEU failed to install the light fixtures in accordance with the manufacturer's instructions.

OEU contends that installation of the light assembly at issue was a simple process. The light fixture came fully assembled, with a light bulb and power cord already installed. OEU removed the assembly from the box and slid bayonet clips into the endcaps through pre-drilled holes on each side of the light. OEU then mounted the assembly onto a shelf pan in the cubicle and plugged the power cord into a standard outlet.

OEU submits that it did not know of any risks or foreseeable harm associated with the light assembly kit and/or its associated parts. All electrical work on the project was performed by a separate contractor allegedly hired by National Life. The electrical contractor inspected each cubicle after OEU completed installation of the cubicles and light assemblies.

## Discussion

**I.   Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

4

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents ... [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fulfills its burden, the nonmoving party must demonstrate a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Courts must "draw all rational inferences in the non-movant's favor." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248).

OEU's summary judgment motions are unopposed. The Second Circuit has held that "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). Accordingly, a court

> may not grant the motion without first examining the
> moving party's submission to determine if it has met
> its burden of demonstrating that no material issue of

5

> fact remains for trial.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

**II.   Products Liability**

Both Plaintiffs bring products liability claims against OEU.  Vermont has adopted the doctrine of strict products liability as embodied in the Restatement (Second) of Torts § 402A.  *See Zaleskie v. Joyce*, 133 Vt. 150, 155, 333 A.2d 110, 114 (1975).  "Under that doctrine, a manufacturer is strictly liable for physical harm or property damages resulting from a defective product that reaches a user without undergoing substantial change."  *Webb v. Navistar Int'l Transp. Corp.*, 166 Vt. 119, 126, 692 A.2d 343, 346 (1996); *see* Restatement (Second) of Torts § 402A(1) (1965) (one who sells any product in defective condition unreasonably dangerous to user or user's property is "subject to liability for physical harm thereby caused to the ultimate user ... or to his property").

Here, there is no dispute that OEU was neither the manufacturer nor the seller of the light fixtures at issue. Instead, OEU was merely the installer.  There is no record evidence that OEU installed the fixtures incorrectly, and no

evidence to support a claim that OEU knew or should have known about a defect in the fixtures. Indeed, as OEU notes in its briefing, the light fixtures worked for five years after installation without incident. The Court therefore finds that OEU is entitled to summary judgment on Plaintiffs' products liability claims.

### III. Negligence

Plaintiffs also claim liability on the basis of negligence. To sustain a negligence claim, a plaintiff must establish four elements: (1) that it was owed a legal duty by the defendant; (2) that the defendant breached that duty; (3) that the defendant's conduct was the proximate cause of the plaintiff's injuries; and (4) that the plaintiff suffered actual damage as a result of the negligence. *Knight v. Rower*, 170 Vt. 96, 102, 742 A.2d 1237, 1242 (1999). In this case, Plaintiffs' evidence does not support such a claim.

The only clear duty owed by OEU was the duty to properly install cubicles and light fixtures. Plaintiffs contend that OEU may be also held liable under a duty to warn "if" the evidence shows that OEU either knew or should have known about a defect in the light fixtures. Plaintiffs have presented no such evidence to date, and cannot rely on conjecture or speculation to survive summary judgment. *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (noting that "conclusory statements,

conjecture, or speculation by the party resisting the motion will not defeat summary judgment").

Similarly, Plaintiffs have failed to show that any alleged duty was breached. OEU explains that its task was relatively simple, as it merely removed the light fixtures from their boxes, attached them to cubicles and plugged them in. There is no evidence in the record to suggest that those duties were performed negligently. To the extent that OEU breach an alleged duty to warn, such a claim is again based upon speculation and conjecture, and is insufficient to defeat a motion for summary judgment.

Finally, Plaintiffs have failed to show causation. "An essential element of plaintiffs' [negligence] claims is that [defendant's] breach of duty was a cause in fact and a proximate cause of the alleged injury." *Stocker v. State*, 2021 VT 71, ¶ 32, 264 A.3d 435, 449. To show cause in fact, a plaintiff must show that the harm suffered would not have occurred "but for" the defendant's conduct. *Id.* Proximate cause requires a showing that defendant's conduct was "legally sufficient to result in liability in that the injurious consequences flowed from the defendant's conduct and were not interrupted by some intervening cause." *Id.* (quoting *Ziniti v. New England Cent. R.R.*, 2019 VT 9, ¶ 15, 209 Vt. 433, 207 A.3d 463 (quotation omitted)).

Here, Plaintiffs have no offered evidence to show that "but for" OEU's work, the fire would not have occurred.  Nor have they shown that the fire flowed from OEU's installation practices independent of any intervening cause, such as a faulty light fixture.  OEU is therefore entitled to summary judgment on Plaintiffs' negligence claims.

**IV.  Breach of the Warranty of Workmanlike Service**

Continental alleges that OEU breached the warranty of workmanlike service.  *See, e.g., Rothberg v. Olenik*, 128 Vt. 295, 262 A.2d 461 (1970) (adopting concept of warranty for workmanlike service).  OEU argues at summary judgment that a warranty claim fails because it had no privity with Continental, and was instead hired by Creative Office Pavilion, Inc.  OEU also contends that Continental offers no evidence to support its claim.

The Court need not resolve the privity question, since the breach of warranty claim fails for the same reasons the negligence claims fail.  Continental has not offered any evidence to show that OEU's installation was anything less than "workmanlike."  Its claim is based upon conjecture about OEU's knowledge of, or duty to suspect, a defect at the time of installation, and the summary judgment record lacks admissible evidence to support such a claim.  OEU is therefore entitled to summary judgment.

## **Conclusion**

For the reasons set forth above, OEU's unopposed motions for summary judgment (ECF Nos. 85 and 86) are **granted**.

DATED at Burlington, in the District of Vermont, this 8th day of February, 2022.

/s/ William K. Sessions III
William K. Sessions III
United States District Court Judge
